72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Earl F. MINK, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Willow Run Assembly Plant,
Defendant-Appellee.
 No. 94-2464.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 Before: MARTIN and JONES, Circuit Judges, and BELL, District Judge.*
 ORDER
 Earl F. Mink, a pro se Michigan citizen, appeals a district court summary judgment in favor of the defendant, General Motors Corporation, Willow Run Assembly Plant (GM), in this civil action alleging discrimination on the basis of race, age, and handicap, as well as a state tort claim for negligence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Mink, a white male, filed this action in state court. He is a former employee of GM, and was a member of the United Auto Workers. Mink claimed that he was given undesirable work assignments, and was denied more desirable jobs, on the basis of his age, race, and handicap. Mink retired from his employment with GM in 1991, on the basis of total and permanent disability.
 Upon the taking of Mink's deposition on September 16, 1993, GM concluded that Mink's claims were in fact claims arising under Sec. 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. Sec. 185. Thereafter, GM filed a notice of removal on October 13, 1993, arguing that the issues raised were inextricably intertwined with Sec. 301 of the LMRA. The case was ultimately removed to federal court.
 On April 6, 1994, GM filed a motion for summary judgment. The magistrate judge recommended that summary judgment be entered in GM's favor. Despite Mink's objections, the district court adopted the report and recommendation as the findings and conclusion of the court.
 Upon review, we vacate the district court's judgment and remand the case to the district court because removal was improper. The existence of subject matter jurisdiction generally is a question of law, subject to de novo review. Greater Detroit Resource Recovery Auth. v. United States EPA, 916 F.2d 317, 319 (6th Cir.1990); see also Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 A defendant may remove a state court action to federal court only if the action could have originally been filed in the federal court. 28 U.S.C. Sec. 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 391-92 (1987). Thus, where there is no diversity jurisdiction, a federal question must be present in order for removal to be proper. Id. The well-pleaded complaint rule places even further restrictions on a defendant's ability to remove a case from state court. The rule provides that the plaintiff's properly pleaded complaint governs the jurisdictional determination, and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction. Id.; Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983). The fact that a federal defense may be raised to the plaintiff's action--even if both sides concede that the only real question at issue is created by a federal defense--will not suffice to create federal question jurisdiction. Id. at 12. Thus, the general rule provides that a federal defense to a state law claim does not create removal jurisdiction.
 Under the Caterpillar well-pleaded complaint rule, we conclude that Mink's state-law claims may not be removed because the claims arise from an independent body of state substantive rights and do not invoke any legal ground that has been preempted by federal law. Mink's complaint specifically invokes Michigan's Elliott-Larsen Civil Rights Act and Michigan's Handicapper's Civil Rights Act, and alleges that Mink was given undesirable work assignments, and was denied more desirable jobs, on the basis of his age, race, and handicap. Nor are the claims "inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985). Mink actually alleged disparate treatment under a state civil rights statute, not breach of a collective bargaining agreement. As the Court in Caterpillar stated, the fact that GM raises a federal preemption defense does not mean that this cause of action arises under federal law. A federal cause of action does not arise merely because the court would have to interpret a collective bargaining agreement in order to analyze GM's preemption defense. Id.
 In fact, if any federal law were applicable here it would be Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., which forbids racial and other discrimination by employers and labor organizations, and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701 et seq., which forbids discrimination against an otherwise qualified handicapped individual solely by reason of his handicap. Title VII specifically does not preempt state civil rights actions. 42 U.S.C. Sec. 2000e-7. Further, the Rehabilitation Act does not preempt an employee's claims against an employer under Michigan's Handicapper's Civil Rights Act. See, e.g., Welch v. General Motors Corp., Buick Motor Div., 922 F.2d 287, 290-93 (6th Cir.1990) (per curiam) (Michigan Handicapper's Civil Rights Act is not preempted by the Labor Management Relations Act).
 Indeed, Mink was free to sue in state or federal court under Title VII or the Rehabilitation Act, and if he had brought such a suit in state court, GM would have been entitled to remove the case to federal court on the ground that Mink's claims arose under federal law. But Mink was also fully entitled to choose, as he did, to bring only his state claims in state court. GM may not remove this case because it does not arise under federal law. Although Mink cited federal law in a general sense, this was insufficient to raise a federal question for purposes of federal subject matter jurisdiction.
 Even if it is assumed that Mink's general citation of federal law is sufficient to present a federal question, removal was untimely. The notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. Sec. 1446(b). In this case, GM did not file its notice of removal until October 13, 1993, approximately nine months after Mink filed his complaint in state court.
 Although GM argues that Mink's deposition raised the likelihood that the trial court would have to interpret the collective bargaining agreement, "this neither invoke[d] removal jurisdiction nor divest[ed] the state court of its normal authority to adjudicate a case that contains an issue touching upon federal law." Tisdale v. United Ass'n of Journeymen, 25 F.3d 1308, 1309 (6th Cir.1994). Therefore, removal was improper and the judgment allowing removal of the action under Sec. 1441 is vacated.
 
 
 1
 Accordingly, for the reasons stated above, the district court's order granting removal is vacated and the case is remanded to the district court with instructions to return the suit to the Michigan state court for adjudication. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation